IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) )  ) |
| vs. | ) ) Criminal No. 08-412 ) |
| ANTONYO DEVON ANDERSON, | ) ) ) |
| Defendant. | ) ) |

ORDER

AND NOW, this 7th day of July 2022, upon consideration of the Motion to Terminate Supervision Pursuant to 18 U.S.C. § 3583(e), filed *pro se* by Antonyo Devon Anderson ("Defendant"), in the above captioned matter on June 1, 2022 (Doc. No. 822),

IT IS HEREBY ORDERED that the motion is DENIED for the reasons set forth below.

I. **Background**

Defendant has served just over three years of a ten-year term of supervised release following a 150-month term of imprisonment which he served after pleading guilty to violating 21 U.S.C. § 846 for conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base. (Doc. Nos. 248, 522). Defendant's supervision is set to expire April 16, 2029. He now comes before the Court and asks the Court to exercise its authority pursuant to 18 U.S.C. § 3583(e) to terminate his supervision. (Doc. No. 822). The Court will deny the motion.

II. **Legal Analysis**

The Court is authorized to "terminate a term of supervised release" as follows:

> The court may, after considering the factors set forth in [18 U.S.C. §] 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)[,] terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of

> supervised release, pursuant to the provisions of the Federal Rules
> of Criminal Procedure relating to the modification of probation, if it
> is satisfied that such action is warranted by the conduct of the
> defendant released and the interest of justice.

*United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) (citing 18 U.S.C. § 3583(e)(1)) (alterations in original).  For the Section 3553(a) factors, the Court is not required to address every factor individually, so long as it includes in its decision "a statement that [the Court] has considered the statutory factors." *Id.* at 52—53 (citing *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003)).

The Court has broad discretion in deciding whether termination of supervised release is warranted under the statute. *Id.* at 52 (explaining that the "expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination.").  There is no requirement that there be an "exceptional, extraordinary, new, or unforeseen circumstance" for the Court to find that the "conduct of the defendant" and "interest of justice" justify ending supervision. *Id.* at 53.  However, because sentences are meant to be "sufficient, but not greater than necessary" when they are imposed, it will often be the case that truncating a period of supervised release will be premised upon something that has "changed in the interim that would justify" shortening the period of supervision. *Id.*

Defendant argues the rehabilitative goal of his supervised release has been realized and that his conduct/the interest of justice warrants termination of supervision.  However, it is the Court's determination that the termination of supervision is unwarranted at present.  The Court has considered the relevant Section 3553(a) factors in arriving at its decision.  Notably, Defendant's lengthy criminal record predating the offense that led to his conviction in this matter—*i.e.*, his history and characteristics—is significant and counsels against ending

supervised release just three years into the ten-year period imposed at his sentencing. Not only that, but Defendant's sentence as recommended by the United States Sentencing Guidelines ("USSG") could have included 262—327 months' imprisonment. (Doc. No. 709, pg. 8). Instead, Defendant was sentenced to 150 months' imprisonment and a ten-years period of supervised release. (*Id.*). Accordingly, the Court's consideration of the kinds of sentence and applicable sentencing range (18 U.S.C. § 3553(a)(4)) and avoidance of sentencing disparities among similarly situated defendants (*id.* § 3553(a)(6)) also weighs against eliminating two-thirds of the period of supervised release from the sentence that the Court found accurately reflected the seriousness of the offense. (Doc. No. 709, pg. 8).

Further, the Court is not persuaded that Defendant's conduct and the interest of justice warrant such a significantly shortened duration of supervised release. Defendant proposes that termination of the period of supervised release is warranted by his conduct and change in character, starting with his imprisonment and continuing in the three years since his release. He further argues that the ends of supervised release have been served and the interest of justice favors granting his motion because the resources presently used for his supervision would be better used elsewhere. He has represented to the Court that he could visit his grandson and grow his consulting business more freely if he were freed of the restrictions of supervision.

The Court commends Defendant for the steps he has taken since he was sentenced to distance himself from his troubled past.[1] However, the Court cannot say that Defendant's good

---

[1] According to Defendant, he enrolled in a nine-month Residential Drug Abuse Program ("RDAP") while he was serving his 150-month term of imprisonment, served as an RDAP facilitator, and taught addiction classes. (Doc. No. 822, pg. 2). While incarcerated he also represents that he completed a 1,000-hour barber training program and studied for his Class A CDL license, which he obtained after his release. (*Id.*). He further represents that, while incarcerated, he had only two disciplinary infractions. (*Id.*). He represents to the Court that, since his term of supervised release started in April 2019, he has had no violations, though he

conduct while incarcerated and compliance with the terms of supervision warrant reducing his ten-year period of supervision to a mere three years. "Compliance with the conditions of supervision, including refraining from engaging in criminal conduct and being employed . . . is *required* behavior while serving a term of supervised release." *United States v. McCain*, No. CR 95-36-8, 2021 WL 2355687, at *4 (W.D. Pa. June 9, 2021).

Additionally, Defendant's reasons for wanting to be relieved of the restrictions inherent in supervision are not especially compelling. He has indicated that the restriction on interstate movement is a condition that he has found particularly burdensome and that, without it, he could visit his out-of-state grandson and advance his business beyond the Atlanta region. (Doc. No. 822, pgs. 4, 8 ("Now, supervised release is hobbling me in fully supporting my children and grandson as well as reaching my economic potential, due to travel restrictions.")). While the Court is sympathetic to Defendant's desire to freely visit family out of state, that circumstance does not warrant early termination of supervision. And while the ability to travel freely for one's employment/business endeavors may justify reducing or ending a term of supervision, *see e.g.*, *United States v. Crews*, No. CR 10-663-5, 2020 WL 6581430, at *3 (E.D. Pa. Nov. 10, 2020), Defendant has provided very little information about the nature of his business and why unrestricted interstate travel is essential to its success. Accordingly, the Court finds that the interest of justice is best served by continuation of supervision at this time.

**III.    Conclusion**

---

was restricted in February 2021 for leaving the state without permission. (Doc. No. 822, pg. 3). He has worked as a barber, has a consulting business (*Antonyo AnderCinn LLC*), and rents cars on "Turo" a "site which operates like an Air BnB for car rental." (*Id.*). He also volunteers his services as a barber at homeless shelters. (*Id.*).

THEREFORE, for the reasons set forth in this order, Defendant's Motion to Terminate Supervision Pursuant to 18 U.S.C. § 3583(e) is DENIED.

s/ Alan N. Bloch<br>
United States District Judge

cc:   Antonyo Devon Anderson
      3438 Hunters Pace Drive
      Lithonia, GA 30038